UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **RODNEY L. JACKSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 5:09-0560 |
| ) | |
| **FEDERAL BUREAU OF PRISONS,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On April 28, 2009, Plaintiff, acting *pro se* and formerly incarcerated at FCI Beckley in Beckley, West Virginia, filed his Complaint in this matter in the Middle District of Georgia claiming entitlement to relief pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619(1971).[1] (Document No. 1.) Plaintiff names the following as Defendants: (1) Federal Bureau of Prisons; (2) FCI Beckley; and (3) Warden Marty C. Anderson. (Id.) Plaintiff alleges that Defendants violated his rights under the Eighth Amendment of the United States Constitution by failing to provide him with adequate medical treatment. (Id., pp. 1 - 2.) Specifically, Plaintiff's Complaint states as follows:

> Plaintiff states that his civil rights under the 8th Amendment were blatantly violated by Warden Marty C. Anderson and medical staff of FCI Beckley prison by not adequately addressing plaintiff's health problems. The Eighth Amendment protections against elaborate, deliberate scheme of indifferent to prisoners' health problems extend to conditions that threaten to cause health problems in the future as well as current serious health problems. See Wilson v. Seiter, 501 U.S. 294, 11 S.Ct. 2321, 115 L.Ed.2d 271 (1991); Estelle v. Gamble, 429 U.S. at 103-104, 97 S.Ct. at 290-291. In Estelle, we concluded that although accidental or inadvertent failure to

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

> provide adequate medical care to a prisoner would not violate the Eighth Amendment, "deliberate indifference to serious medical needs of prisoners violates the Eighth Amendment because it constitutes the unnecessary and wanton infliction of pain contrary to contemporary standards of decency."
>
> Plaintiff submits a chronological record of his medical care as Exhibit A. Exhibit B demonstrates plaintiff's complying with the proper chain of commands and their responses. Exhibit C provides reasonable reasoning of why plaintiff was singled out for such harsh and cruel treatment. Exhibit D establishes the fact that plaintiff should have had surgery several years prior to serious medical complications getting worse. Plaintiff now suffers from permanent psychological and physical injuries due to harsh and cruel treatment, perpetrated knowingly by defendant for years. Plaintiff was used as an experimental subject, by being prescribed medications that worsen his condition rather than treating or making him better. Due to neglect[2] by defendant and unusual and cruel treatment, plaintiff's wife divorced him because plaintiff could no longer perform his husband duty sexually.

(Id.) As relief, Plaintiff requests "a sum of $25,000,000." (Id., p. 2.)

As Exhibits, Plaintiff attaches the following: (1) A copy of his medical records from Tallahassee Single Day Surgery Center and Ketchum, Wood & Burgert Pathology Associates (Document No. 1-1, pp. 1 - 10.); (2) A copy of a letter written by Plaintiff's sister to the National Prison Project American Civil Liberties Union dated May 31, 2005 (Id., pp. 14 - 15.); (3) A copy of Plaintiff's Request for Administrative Remedy dated February 15, 2005 (Id., p. 28.); (4) A copy of Regional Director K.M. White's Response dated April 22, 2005, denying Plaintiff's regional appeal (Id., p. 30.); (5) A copy of Warden Anderson's Response dated March 21, 2005, denying Plaintiff's administrative remedy request (Id., p. 31.); (6) A copy of Plaintiff's Regional Administrative Remedy Appeal dated April 1, 2005 (Id., pp. 32 - 33.); and (7) A copy of Plaintiff's Central Office Administrative Remedy Appeal dated May 2, 2005 (Id., pp. 34 - 38.).

---

[2] An assertion of mere negligent conduct or malpractice is not enough to constitute an Eighth Amendment violation. *See Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986); *Miltier v. Beorn*, 896 F.2d 848, 852 (4th Cir. 1990).

By Order entered on May 15, 2009, the District Court for the Middle District of Georgia transferred this matter to this District after determining that "the defendants are located, and all of the events alleged in the complaint occurred, in Beckley, West Virginia, which is located in the Southern District of West Virginia." (Document No. 2.)

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

## ANALYSIS

A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. at 395-97, 91 S.Ct. at 2004-05; See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims);

Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law.[3] The United States Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to Bivens. See Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308

---

[3] Inmates may file claims of liability against the United States under the FTCA but may not assert claims of personal liability against prison officials for violations of their constitutional rights. *Carlson v. Green*, 446 U.S. at 21-23, 100 S.Ct. at 1472 -74. By contrast, under *Bivens* inmates may assert claims of personal liability against individual prison officials for violations of their constitutional rights but may not assert claims against the government or prison officials in their official capacities. The Supreme Court held in *Carlson*, 446 U.S. at 18 - 21, 100 S.Ct. at 1471-72, that an inmate could pursue a *Bivens* action independent of a FTCA action. The Court found that Congress did not intend to pre-empt a *Bivens* remedy when it enacted the FTCA. *Id.* The Court noted that the legislative history of the FTCA "made it crystal clear that Congress views FTCA and *Bivens* as parallel, complementary causes of action." *Id.*, 446 U.S. at 19 - 20, 100 S.Ct. at 1471 -72. Relying upon *Carlson*, the Fourth Circuit found that the availability of relief under the FTCA does not automatically foreclose a *Bivens* action. *Dunbar Corp v. Lindsey*, 905 F.2d 754, 762 (4th Cir. 1990). The Court pointed out other distinctions between FTCA and *Bivens* actions in *Dunbar Corp.*: (1) only compensatory damages are available in FTCA actions, whereas compensatory and punitive damages are available under *Bivens* and (2) FTCA claims must be tried to the Court, whereas *Bivens* claims may be tried to a jury. *Id.*

(1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reinbold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

1.     **Federal Bureau of Prisons and FCI Beckley as Defendants.**

In his Complaint, Plaintiff names the Federal Bureau of Prisons and FCI Beckley as defendants. (Document No. 1.) Federal inmates may file claims of personal liability against individual prison officials for violations of their constitutional and civil rights pursuant to Bivens, but may not assert claims against the government or prison officials in their official capacities. The Federal Bureau of Prisons and FCI Beckley are not "persons" as required by Bivens. As stated above, federal agencies are not proper defendants under Bivens. Therefore, the undersigned concludes that the Federal Bureau of Prisons and FCI Beckley should be dismissed as defendants.

2.     **Statute of Limitations.**

A Plaintiff must file a Bivens action within the prescribed time period. Because there is no federally prescribed statute of limitation, Courts look to and apply their respective state's statutes of limitation. See Wilson v. Garcia, 471 U.S. 261, 266-69, 105 S.Ct. 1938, 1942-43, 85 L.Ed.2d 254 (1985). Under West Virginia law, the applicable period of limitation upon Plaintiff's right to file this civil action was two years from the time the cause of action accrued. See W.Va. Code § 55-2-12(b).[4]

---

[4] West Virginia Code § 55-2-12 provides as follows:

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

Although the limitation period is borrowed from state law, the question of when a cause of action accrues is answered according to federal law. See Brooks v. City of Winston-Salem, NC, 85 F.3d 178, 181 (4th Cir. 1996). Under federal law, a cause of action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, MD House of Corr., 64 F.3d 951, 955 (4th Cir. 1995)(*en banc*), cert. denied, 516 U.S. 1177, 116 S.Ct. 1273, 134 L.Ed.2d 219 (1996)(citing United States v. Kubrick, 444 U.S. 111, 122-24, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)). "Accrual of a claim does not 'await awareness by the plaintiff that his injury was negligently inflicted.'" Nasim, 64 F.3d at 955 (quoting, Childers Oil Co., Inc. v. Exxon Corp., 960 F.2d 1265, 1272 (4th Cir. 1992)). Accordingly, for a Bivens action, "a cause of action accrues either when the plaintiff has knowledge of his claim or when he is put on notice -- e.g., by the knowledge of the fact of injury and who caused it -- to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim." Nasim, 64 F.3d at 955. To determine when a plaintiff possessed knowledge of his injury, the Court "may look to the common-law cause of action most closely analogous to the constitutional right at stake as an 'appropriate starting point.'" Brooks, 85 F.3d at 181 (citations omitted).

Federal Courts also apply the forum state's law regarding tolling, including equitable tolling, when not inconsistent with federal law. Hardin v. Straub, 490 U.S. 536, 537-39, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989). In Irwin v. Dep't of Veteran's Affairs, 498 U.S. 89, 97, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990), the United States Supreme Court recognized that statutes of limitations in actions against the government are subject to a rebuttable presumption of equitable tolling. The Irwin Court stated that equitable tolling should apply in cases "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the

complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Id. Federal Courts have held that because the Prison Litigation Reform Act requires a prisoner to exhaust administrative remedies, the prisoner is entitled to equitable tolling of the applicable limitations period while he exhaust the remedies. See Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002); Brown v. Morgan, 209 F.3d 595 (6th Cir. 2000); Howard v. Mendez, 304 F.Supp.2d 632, 638 (M.D.Pa. 2004)(a Bivens case); Aguirre-Castillo v. United States, 2004 WL 594105 (N.D.Tex.)(a Bivens/FTCA case); Lopez v. S.C.D.C., 2007 WL 2021875 (D.S.C.).

In his Complaint, Plaintiff alleges that he received inadequate medical treatment during his incarceration at FCI Beckley. The Bureau of Prisons' Inmate Locator indicates that Plaintiff was released from custody on March 9, 2006. Construing Plaintiff's Complaint liberally, the undersigned finds that Plaintiff's cause of action accrued no later than March 9, 2006.[5] Applying the West Virginia two-year statute of limitation, together with the federal standard of accrual, the undersigned finds that Plaintiff's cause of action expired on March 9, 2008, two-years from the date Plaintiff became aware of any injury resulting from Defendants' failure to provide adequate medical treatment. Plaintiff filed his instant Complaint on April 28, 2009. Accordingly, the two-year statute of limitations has run as to Plaintiff's claim and the claim is therefore barred.[6]

---

[5] The Court notes that Plaintiff filed a Request for Administrative Remedy on February 15, 2005, alleging inadequate medical treatment.

[6] Notwithstanding the foregoing, the Court will briefly consider the merits of Plaintiff's Complaint. In his Complaint, Plaintiff asserts conclusory allegations that Defendant Anderson failed to provide adequate medical treatment. Thus, Plaintiff appears to allege that Defendant Anderson violated his constitutional rights with respect to his failure to supervise employees. Plaintiff, however, does not allege any personal involvement by Defendant Anderson."Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. * * * Because vicarious liability is inapplicable to *Bivens* . . ., a plaintiff must plead that each Government-official defendant, through the officials own individual actions, has

7

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 1.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the

---

violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009); *see also Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001), *cert. denied*, 537 U.S. 1045 , 123 S.Ct. 621, 154 L.Ed.2d 517 (2002)("In a *Bivens* suit there is no *respondeat superior* liability. * * * Instead, liability is personal, based upon each defendant's own constitutional violations." (Citation omitted.)). Liability can be premised, however, "on a recognition that supervisory indifference or 'tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984), *cert. denied*, 470 U.S. 1035, 105 S.Ct. 1413, 84 L.Ed.2d 796 (1985). A plaintiff must show "a pervasive and unreasonable risk of harm from some specified source and that the supervisor's corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices].'" *Id.* at 373. Evidence of a supervisor's continued inaction in the face of documented widespread abuses provides an independent basis for finding he either was deliberately indifferent or acquiesced in the constitutionally offensive conduct of his subordinates. *Id.* A supervisor's mere knowledge of a subordinate's unconstitutional conduct is therefore not enough. Rather, *Bivens* liability may be imposed upon a supervisor only on the basis of purposeful "violations of his or her supervisory responsibilities." *Ashcroft*, 662 U.S. at 677, 129 S.Ct. at 1949. Accordingly, the undersigned finds that Plaintiff has failed to state a claim against Defendant Anderson.

basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: April 19, 2012.

R. Clarke VanDervort
United States Magistrate Judge